JOURNAL ENTRY AND OPINION
Richard Summers appeals from a judgment of the court of common pleas affirming the decision of the Village of Highland Hills personnel Board of Review to terminate him from the Highland Hills Police Department for his failure to follow procedures in connection with his return to active duty after a medical leave of absence. Summers complains that the court erred by failing to use a de novo standard of review and that the judgment is against the manifest weight of the evidence.
After carefully reviewing the record and the applicable law, we have determined the court used the proper standard of review, but erred in affirming the decision of the Highland Hills Board of Review. Therefore, we reverse the judgment of the court and remand the matter for completion of Summers' medical examination in connection with his return to work.
The history of the case reveals that Summers served as a part-time patrolman for the Highland Hills Police Department and attempted to return to active duty following a medical leave of absence for a herniated disc. In connection with his return to work, the Chief of Police, A. Leonard Walton, advised Summers in writing that, before he returned to work, he needed to provide Highland Hills with a report from his medical doctor; to submit to a medical examination conducted by a Highland Hills physician; and to sign an authorization releasing all of his medical records to the village for inspection.
In compliance with that request, Summers submitted a letter to Chief Walton from his physician, Dr. Emil Pogorelec, regarding his ability to return to work, but refused to submit to an independent medical examination or sign a blanket medical authorization. Summers eventually consented to Highland Hills medical examination and reported to Dr. Robert Redus for that purpose and also claims that he agreed to sign an authorization for release of medical records regarding his back injury, but not a blanket release of other medical records. However, as Dr. Redus began his examination of Summers, Chief Walton telephoned the doctor, asked if Summers had signed the village's medical authorization, and upon learning that he had not done so, Walton ordered Dr. Redus to terminate the examination. Following the aborted medical examination, Chief Walton suspended Summers from the police department for insubordination and requested Mayor Robert Nash to discharge him.
On October 15, 1996, Mayor Nash found just cause to terminate Summers. Summers appealed the mayor's decision to the Highland Hills Personnel Board of Review, which affirmed the mayor's decision. Summers then filed an appeal to the court of common pleas, and in response, Highland Hills filed a motion to dismiss for lack of jurisdiction, which the court granted. Summers then appealed the matter to our court and also filed a motion for reconsideration with the trial court. We remanded the case to permit the court to rule on Summers' pending motion for reconsideration. On September 22, 1997 the trial court reinstated the case, and after reviewing the briefs of counsel, affirmed the decision of the Highland Hills Personnel Board of Review. Summers now again appeals to our court and assigns two errors for our review.
The first assignment of error states:
 THE TRIAL COURT ERRED IN AFFIRMING THE DECISION OF THE VILLAGE OF HIGHLAND HILLS PERSONNEL BOARD OF REVIEW SINCE THE COURT APPLIED THE WRONG STANDARD OF REVIEW.
Summers contends that the court should have used a de novo
standard of review pursuant to R.C. 737.19 because of his position as a police patrolman. Highland Hills maintains the court did conduct a de novo review of the case and also asserts that Summers failed to object to the standard of review at the trial court. The issue then for our resolution is whether the court utilized the appropriate standard of review.
We begin by examining R.C. 737.19 which refers to the powers and duties of a marshal, the code section Summers claims should be applied:
(B)* * *
 In the case of removal from the department, the person so removed may appeal on questions of law and fact the decision of the legislative authority to the court of common pleas of the county in which the village is situated. The person shall take the appeal within ten days from the date of the finding of the legislative authority.
In Shaffer v. Village of West Farmington (1992), 82 Ohio App.3d 579, where the court considered a similar appeal raising a similar issue, it noted at 585:
 R.C. 737.19 permits an appeal on questions of law and fact. The procedural rules which governed appeals on questions of law and fact were set forth in R.C. 2505.21, which was repealed effective March 17, 1987. Thus, the trial court in the instant case was acting without statutory direction on the proper procedure to apply to cases such as this one.
In accordance with Shaffer, we recognize that the procedural rules for implementation of R.C. 737.19 have been repealed. Accordingly, this administrative appeal is governed by R.C.2506.04, which provides the following standard of review for the trial court:
 The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or supported by the preponderance of substantial, reliable, and probative evidence on the whole record.
An appellate court considering an appeal from such a decision may not weigh the evidence but is limited to a determination of whether the trial court abused its discretion. Karches v.Cincinnati (1988), 38 Ohio St.3d 12; Kisil v. Sandusky (1984),12 Ohio St.3d 30. Absent an abuse of discretion, this court may not substitute its judgment for that of an administrative agency or the trial court. Pons v. Ohio State Medical Board (1993), 66 Ohio St.3d 619.
Here, R.C. 2506.04 governs administrative appeals and by its terms provides for de novo review. The trial court, therefore, used the appropriate standard of review and, accordingly, this assignment of error is overruled.
The second assignment of error states:
 THE TRIAL COURT'S DECISION AFFIRMING THE DECISION OF THE VILLAGE OF HIGHLAND HILLS PERSONNEL BOARD OF REVIEW IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Summers argues that the decision of the Highland Hills personnel board of review is against the manifest weight of the evidence because no evidence exists to establish his purported insubordination or that he had been notified that misuse of the sick leave policy or that challenging a medical release could result in termination for a first offense.
Summers further asserts that the medical authorization demanded by the village violates his constitutional rights under the Americans with Disabilities Act which permits medical examinations and inquiries of employees in only limited circumstances. Claiming the authorization overly broad, Summers cites 42 U.S.C. § 12112(d)(4)(A) which provides:
 * * * A covered entity shall not require a medical examination * * * unless such an examination * * * is shown to be job-related and consistent with business necessity.
Highland Hills maintains that the court's decision is supported by a preponderance of substantial, reliable, and probative, evidence because the village's return to work policy requires a medical examination and a medical authorization upon return from a medical leave of absence; further, the village asserts that Summers' position regarding his herniated disc in this case is contrary to the position he asserted in a pending civil action against his insurance carrier; and Highland Hills questioned Dr. Pogorelec's credibility following his indictment for drug law violations.
The issue then, for our resolution concerns whether the judgment of the court is supported by a preponderance of substantial reliable probative evidence or whether it is against the manifest weight of the evidence.
In C.E. Morris Co. v. Foley Constr. Co (1978), 54 Ohio St.2d 279, the Ohio Supreme Court stated in its syllabus:
 Judgments supported by some competent credible evidence going to all the essential elements of the case will not be reversed by a reviewing count as being against the manifest weight of the evidence.
Thus, the central concern here becomes whether the refusal of Summers to provide a blanket medical release can serve as a basis for his termination from the police department for insubordination.
In Metzenbaum v. John Carroll Univ. (N.D. Ohio 1996),987 F. Supp. 610, the court there considered a similar factual situation regarding release of medical records. Metzenbaum, a campus police officer who had been on medical leave, objected to the request of the Vice President of Student Affairs of the University for release of his most recent medical records in order to determine if Metzenbaum was fit to return to duty. Metzenbaum claimed the request violated his rights under the ADA and served no legitimate business purpose. The court rejected that argument and upheld the right of the University to request Metzenbaum's most recent medical records.
In this case Highland Hills did not limit its request to recent medical records relating to Summers' back problem. Here, Summers reported for a medical examination as required by the village and testified at the Personnel Review Board Appeal proceeding that he had signed releases for Dr. Howard Tucker and Dr. Pogorelec in reference to the December 1991 accident and any all records related to his back injury. However, Chief Walton called Dr. Redus and based on the fact that Summers had not signed the village's medical authorization, ordered Dr. Redus to terminate the examination. This evidence does not justify a conclusion that Summers ought to be terminated for insubordination; clearly, if Summers signs a medical authorization for release of his most recent medical records which is shown to be job-related and consistent with business necessity and reasonably related to his back problem, and if he submits to a medical examination by a village-approved physician, the village can satisfy itself regarding its return to work requirements.
Accordingly, we have concluded that the judgment of the trial court is not supported by competent, credible evidence and is against the manifest weight of the evidence.
Judgment reversed and cause remanded for further proceedings consistent with this opinion.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of appellees his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, P.J., and ANNE L. KILBANE, J., CONCUR
 __________________________________ JUDGE TERRENCE O'DONNELL